Filed 7/7/15  P. v. Willard CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>GEORGE MADSON WILLARD, II,<br><br>    Defendant and Appellant. | 2d Crim. No. B258126<br>(Super. Ct. No. F000433203)<br>(San Luis Obispo County) |

George Madson Willard, II, pled guilty pursuant to a plea agreement to vehicular manslaughter while intoxicated (Pen. Code, § 191.5, subd. (a)) and assault with a deadly weapon (*id*., § 245, subd. (a)(1)).  He also admitted inflicting great bodily injury in conjunction with the manslaughter charge (*id.*, § 12022.7).

In April 2011, pursuant to the plea agreement, the court sentenced Willard to prison for a term of 10 years for vehicular manslaughter; 3 years for the great bodily injury enhancement; and imposed a concurrent 2 years for assault with a deadly weapon. Three years later, Willard moved to review the sentence on the ground that it was not lawful to impose the great bodily injury enhancement on vehicular manslaughter.  The trial court denied his motion and ruled that Willard's plea and admission to the injury enhancement foreclosed his claim.  Willard appeals the denial of his motion.

We appointed counsel to represent Willard in this appeal. After counsel's examination of the record, he filed an opening brief raising no issues. Counsel wrote to Willard, advising him of the filing of the brief and of his opportunity to file a supplemental brief.

Willard filed a supplemental brief in propria persona. He contends his sentence on the injury enhancement is illegal and that he has not waived his right to challenge the sentence by accepting the plea bargain. He cites no authority that supports the contention that he did not waive his right to challenge the agreed sentence by accepting the plea bargain.

We have reviewed the entire record and are satisfied that Willard's attorney has fully complied with his responsibilities and that no arguable issue exists. (*People v. Wende* (1979) 25 Cal.3d 436, 441.)

The judgment (order) is affirmed.

NOT TO BE PUBLISHED.


GILBERT, P. J.


We concur:



YEGAN, J.



PERREN, J.

2

Ginger E. Garrett, Judge

Teresa Estrada-Mullaney, Judge

Superior Court County of San Luis Obispo

_____

California Appellate Project, Jonathan B. Steiner, Richard B. Lennon;

George Madson Willard, II, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.